T.C. Summary Opinion 2005-175

UNITED STATES TAX COURT

ROBIN A. AND SUSAN D. BETTENCOURT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13542-04S.            Filed November 29, 2005.

Robin A. and Susan D. Bettencourt, pro se.

<u>Aimee R. Lobo-Berg</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency of $10,289 in petitioners' Federal income tax for the year 1999. The sole issue for decision is the basis of petitioner Susan Bettencourt's one-third interest in a house she inherited from her father.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners' legal residence at the time the petition was filed was Grants Pass, Oregon.

In 1981, petitioner wife (Mrs. Bettencourt) and her two siblings inherited a personal residence (residence) with a fair market value of $135,000 from her father. Mrs. Bettencourt's interest was one-third of the residence. Mrs. Bettencourt's mother died in 1976, and her father remarried. He died in 1981. Mrs. Bettencourt's stepmother (Mrs. Hatch) survived her spouse and was still living in the residence. Mrs. Bettencourt and her siblings entered into a living probate homestead (homestead) enabling Mrs. Hatch to reside in the residence, rent free, for as long as she desired. Mrs. Hatch, however, did not receive any ownership interest under this arrangement and was prohibited from renting the house to third parties. According to the terms of the homestead, when Mrs. Hatch either died or moved away, Mrs. Bettencourt and her siblings would be free to sell the residence.

Mrs. Hatch suffered from multiple sclerosis and, sometime in 1993, became unable to live alone. She then moved away to live

with her son and began renting the residence to a third party.[2]
Petitioners did not receive any portion of the rent paid by the
tenant. Petitioners and Mrs. Bettencourt's siblings then hired
an attorney to perfect title and evict the renters. Upon
perfection of title, which had the effect of terminating the
homestead, Mrs. Bettencourt and her siblings sold the residence
for $400,000. Petitioners received approximately $133,333 for
Mrs. Bettencourt's interest in the residence.

Petitioner husband (Mr. Bettencourt) is a certified public
accountant and has been practicing since 1969. He prepared
petitioners' 1999 Federal income tax return, which was filed
timely. On Schedule D of the return, Capital Gains and Losses,
petitioners listed a sale price of $133,333 and a basis of
$101,485 for Mrs. Bettencourt's interest in the residence,
resulting in a $31,848 gain on the sale. Respondent decreased by
$50,444 the basis of the residence reported by petitioners.[3]

---

[2]The stipulation of facts states that Mrs. Hatch resided on
the property until 1999, when petitioners sold the residence.
Petitioners testified at trial that Mrs. Hatch actually vacated
the house in 1993 and began renting it to a third party. The
Court accepts petitioners' testimony as to the date Mrs. Hatch
vacated the residence.

[3]Respondent determined a $51,041 adjusted basis in the
property, which included the basis petitioners had in the
property in 1981, $45,000, plus petitioners' one-third portion of
the $18,123 Mrs. Bettencourt and her siblings paid as closing
costs when the house was sold, $6,041.

The sole issue is the value of petitioners' basis in the property.[4]

Gross income means all income from whatever source derived, including gains derived from dealings in property. Sec. 61(a)(3). Gain from the sale of property is defined as the excess of the amount realized on the sale of the property over the adjusted basis of the property sold or exchanged. Sec. 1001; sec. 1.61-6(a), Income Tax Regs.

The amount realized is the sum of any money received plus the fair market value of any other property received, reduced by the expenses of selling the property. Sec. 1001(b); Chapin v. Commissioner, 12 T.C. 235, 238 (1949), affd. 180 F.2d 140 (8th Cir. 1950). Section 1011 provides that a taxpayer's adjusted basis for determining the gain or loss from the sale or other disposition of property shall be its cost, adjusted to the extent provided by section 1016. See also sec. 1012. Under section 1016(a)(1), the basis of property must be adjusted for expenditures, receipts, losses, or other items, properly

---

[4]Generally, the burden of proof is on petitioner. Rule 142(a)(1). The burden may shift to the Commissioner under sec. 7491 if the taxpayer establishes compliance with the requirements of sec. 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests. Prior to trial, petitioners did communicate with respondent; however, they did not cooperate with respect to producing books and records to substantiate their expenses. The burden of proof, therefore, does not shift to respondent under sec. 7491.

chargeable to capital.  The cost of improvements and betterments made to a taxpayer's property are among the items properly chargeable to capital.  Sec. 1.1016-2(a), Income Tax Regs. Renovations to a property and legal fees paid in defense of title have long been accepted as capital expenditures.  Woodward v. Commissioner, 397 U.S. 572 (1970); LaPoint v. Commissioner, 94 T.C. 733 (1990).

A taxpayer is required to keep permanent books of account or records that are sufficient to establish the amount of gross income, deductions, and other information required to be shown on an income tax return.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  The Commissioner's determination is presumed correct; the burden is on the taxpayer to substantiate any basis increase beyond what is determined by the Commissioner.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Knauss v. Commissioner, T.C. Memo. 2005-6; see supra note 4.

Petitioners reported the following amounts as capital expenditures which increased petitioners' basis in the residence:

| Description | Cost[1] |
|---|---|
| Closing costs[2] | $ 6,133 |
| Legal & other miscellaneous expenses | 5,400 |
| Travel costs for annual property inspection | 10,450 |
| Improvements | 23,442 |
| Total | $45,425 |

[1]The amounts listed represent the one-third portion claimed by petitioners on their 1999 Federal income tax return.

[2]In the notice of deficiency, respondent increased petitioners' basis by closing costs of $6,041.

Petitioners testified that the improvements consisted of a new deck, new front door and roof, new windows, remodeled kitchen and bathroom, updated landscaping, and earthquake damage repairs, the date or dates for which were not known by petitioners.

Petitioners admit that Mrs. Hatch paid for the bulk of the improvements made to the residence but assert that Mrs. Hatch did so as a gift to petitioners. Respondent, however, contends that petitioners are not entitled to increase their basis by the amounts of the improvements reported because the amounts were not substantiated, and, even if they had been substantiated, Mrs. Hatch paid for them not as a gift to petitioners but for her own personal enjoyment and to maintain the property in a livable state. The Court agrees with respondent on this issue.

Petitioner offered into evidence at trial a ledger listing various amounts with corresponding check numbers totaling $5,517.68; however, there was no description as to what these amounts were for. Petitioners also acknowledged they did not

know or were not sure what each check was for.  As to the remainder of the improvements, Mr. Bettencourt admitted at trial that he was unable to ascertain the exact amounts spent by Mrs. Hatch in renovating the residence.  He also was unable to establish the year each of the improvements was supposedly made. The written evidence regarding the claimed improvements was vague at best.  Mr. Bettencourt is a certified public accountant and should have known that such improvements should have been documented if, as petitioners contend, the expenditures constituted capital expenditures made by Mrs. Hatch as a gift to petitioners.  When asked why he did not maintain a log of the improvements, Mr. Bettencourt only reasoned that he did not because they were "arm's length" transactions between siblings, and "they would write things down on a cash register tape, and it would be hard for us to have a record".  The Court is not satisfied with this explanation as it fails to address the principal issue as to whether the improvements constituted capital items, and whether they were intended as gifts to petitioners.  Petitioners have failed to establish that the expenses should be added to the residence's adjusted basis.

Petitioners contend, however, that they are entitled to an increase in basis under the doctrine of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).[5]

Under certain circumstances, where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court is allowed to estimate an allowable amount. Cohan v. Commissioner, supra. However, there must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In estimating the amount allowable, the Court bears heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544.

Petitioners testified extensively about the legal troubles they encountered regarding the residence in the years before its sale. The Court finds this testimony credible and, considering the evidence as a whole, holds that petitioners did incur legal fees and other expenses in connection with the improper use of the residence and termination of the probate homestead that had encumbered the title to the property. The payment of these legal fees is a capital expenditure and, as such, increased

---

[5] Because the Court holds that petitioners failed to establish whether the improvements paid for by Mrs. Hatch constituted capital expenditures that could increase the basis of the residence, the Court considers the Cohan rule only with regard to expenditures actually paid for by petitioners.

petitioners' basis in the residence.  Sec. 263; secs. 1.212-1(k), 1.263(a)-2(c), Income Tax Regs; <u>United States v. Hilton Hotels Corp.</u>, 397 U.S. 580 (1970).  The Court further recognizes that Mrs. Bettencourt and her siblings lived distances away from the property and incurred some expenses in keeping track of the property, including periodic visits to the property.  Since the residence has a value of $400,000, the Court recognizes that Mrs. Bettencourt and her siblings felt the need to monitor it and, in so doing, incurred expenses.  Petitioners, therefore, are entitled to an increase in basis of $5,000 to reflect the cost of both legal fees and monitoring the residence.  With respect to the remainder of the amounts claimed by petitioners, respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>